# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH M. WAINSCOTT,** | : | CIVIL NO. 1:16-CV-581 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **C. MAIORANA, WARDEN,** | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 13th day of December, 2017, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), wherein petitioner, Joseph Wainscott, alleges that the Bureau of Prisons ("BOP") incorrectly computed his federal sentence and requests prior custody credit of five (5) months and fourteen (14) days, and this court, in an effort to ascertain the custodial status of petitioner, accessed the Federal Bureau of Prisons online inmate locator, which revealed that petitioner has been released from BOP custody[1], which renders the petition moot, see Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies.");

---

[1] Upon entering petitioner's offender identification number, 17494-032, into the Federal Bureau of Prisons online inmate locator system, https://www.bop.gov/inmateloc/, his status was returned as follows:

    Offender Name:   Joseph M. Wainscott
                                Not in BOP Custody
    Release Date:      Unknown

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), and, further, because petitioner has not asserted nor can the court perceive of any collateral consequences to maintain his habeas petition, see Burkey v. Marberry, 556 F.3d 142, 148-49 (3d Cir. 2009) (federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); Wilson v. Reilly, 163 F. App'x 122 (3d Cir. 2006) (when the Parole Board provided the habeas petitioner with the relief sought in his § 2241 petition, the habeas claim was rendered moot), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.
2. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania